MEDICAL SERVICES ADMINISTRA-TION, etc., et al., Petitioners,

v.

UNITED STATES of America et al., Respondents.

No. 77–3300.

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1979.

William J. Baxley, Atty. Gen., Herman H. Hamilton, Jr., Sp. Asst. Atty. Gen., William K. Martin, Montgomery, Ala., for petitioners.

Griffin B. Bell, Atty. Gen., Robert S. Greenspan, Atty., U. S. Dept. of Justice, Washington, D. C., Barry Teague, U. S. Atty., Montgomery, Ala., Robert E. Kopp, Atty. App. Sec., Joseph A. Califano, Secretary Dept. of HEW, Barbara Allen Babcock, Asst. Atty. Gen., Robert A. Derzon, Administrator, Dept. of HEW, Health Care Financing Administration, Robert P. Jaye, Jeffrey P. Golland, Attys., Dept. of HEW, Washington, D. C., for respondents.

Before MORGAN, RONEY and VANCE, Circuit Judges.

MORGAN, Circuit Judge:

Medical Services Administration (MSA), an agency of the State of Alabama, filed a petition for review challenging a final Department of Health, Education and Welfare administrative determination to deduct $20,045 from federal funds to be paid Alabama for use in its Medicaid program.[1]

---

1. Congress has made available under the Social Security Act matching funds to the states for public assistance programs operated in compliance with federal requirements.

The federal share of the state's expenditures under a public service plan is computed quarterly by HEW in the following manner:

The Secretary of Health, Education, and Welfare shall, prior to the beginning of each quarter, estimate the amount to be paid to the State for such quarter under the provisions of subsection (a) of this section, such

estimate to be based on (A) a report filed by the State containing its estimate of the total sum to be expended in such quarter in accordance with the provisions of such subsection, and stating the amount appropriated or made available by the State and its political subdivisions for such expenditures in such quarter, and if such amount is less than the State's proportionate share of the total sum of such estimated expenditures, the source or sources from which the difference is expected to be derived, (B) records showing the

HEW's decision to deduct was the result of an audit report which determined that there was a two month time lag between the time ineligibility for Medicaid was determined and the time this information was communicated to Alabama's fiscal agents responsible for processing Medicaid claims. This time lag resulted in a small percentage of the ineligible persons receiving Medicaid benefits totaling $20,045. MSA, after attaining only minor adjustments in an administrative reconsideration procedure, now seeks judicial review of HEW's decision.

The threshold issue is one of jurisdiction. It centers around how we categorize the $20,045 deduction. If we determine the deduction to be a "disallowance" of a reimbursement for certain MSA expenditures, then MSA had the right to an administrative reconsideration. However, they would have no right to a judicial review of the administrative reconsideration in this Court, and we would be required to dismiss for lack of jurisdiction. In making such a determination we need not decide the availability of review in the district court. *Compare State Dept. of Public Welfare v. Califano*, 556 F.2d 326, 329 (5th Cir. 1977), *cert. denied*, —— U.S. ——, 99 S.Ct. 78, 58 L.Ed.2d 108 (1978) (dictum) with *County of Alameda v. Weinberger*, 520 F.2d 344 (9th Cir. 1975) and *State of Georgia v. Califano*, 446 F.Supp. 404 (N.D.Ga.1977).

HEW argues that the disallowance procedure is designed to operate in connection with a routine audit of specific claims submitted by the state to HEW for reimbursement.[2] They contend therefore, where the crux of the matter concerns the accuracy of an audit, as here, then the deduction is to be considered a "disallowance." We agree. The record shows that basically this case concerns an audit dispute. While it may not be easy in some cases to determine whether a particular dispute involves a disallowance, compare, e. g., *State Dept. of Public Welfare v. Califano, supra*, there is no difficulty in the instant case. The decision to deny Alabama $20,045 in federal funds represented an isolated and highly focused inquiry into Alabama's ability to keep its eligibility lists current and the payment of benefits to ineligibles resulting from its failure to do so. There is no dispute between MSA and HEW as to the definition of eligibility under the Alabama plan [see, *State of Georgia v. Califano*, 446 F.Supp. 404, 413 (N.D.Ga.1977)]. The dispute, rather, concerns the success with which payments were restricted to those eligible under the plan. Furthermore, MSA turned to the argument that the deduction was actually the result of noncompliance or a plan nonconformity only after spending approximately seven years debating the ac-

---

number of aged individuals in the State, and (C) such other investigation as the Secretary may find necessary.

The Secretary of Health, Education, and Welfare shall then certify to the Secretary of the Treasury the amount so estimated by the Secretary of Health, Education, and Welfare, (A) reduced or increased, as the case may be, by any sum by which it finds that its estimate for any prior quarter was greater or less than the amount which should have been paid to the State under subsection (a) of this section for such quarter . . . .
42 U.S.C. § 303(b)(1) and (2); see *id.* §§ 603(b), 1203(b), 1353(b); 45 C.F.R. § 201–13(a).

When the Secretary reduces a state's estimate under this provision, the reduction is termed a "disallowance" of a state expenditure. See 45 C.F.R. §§ 201.10 to 201.14. States are notified by letter from the regional commissioner of HEW that federal funds for the disallowed expenditure are being withheld. 45 C.F.R. § 201.14(b). The state may request reconsider-

ation of the disallowance under the provisions of 42 U.S.C. § 1316(d); the reconsideration procedure does not provide for a hearing or for judicial review of the reconsideration determination. See 42 U.S.C. § 1316(d); 45 C.F.R. § 201.14.

2. House Committee Report on H.R. 6675, H.Rept. No. 213, 89th Cong., 1st Sess. p. 132 (1965) provides in part:

In addition to questions concerning State plan proposals, or which involve discontinuance of Federal payments under part or all of a State plan, disagreements between a State and the Secretary may occur when the Secretary disallows specific State expenditures for Federal financial participation. Such disallowances usually take the form of audit exceptions. The bill provides that whenever the Secretary determines that there shall be a disallowance the State shall be entitled, on request, to an administrative reconsideration of the decision.

curacy of an audit and finding that HEW's administrative reconsideration of the disallowance had proved fruitless.

In light of the forementioned facts, we conclude that the instant case involves a disallowance dispute and we therefore DISMISS for lack of jurisdiction.

DISMISSED.