**STATE of Michigan, DEPARTMENT OF HUMAN SERVICES, Petitioner-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent-Appellee.**

Nos. 82–3421, 83–1427.

United States Court of Appeals, Sixth Circuit.

Argued May 7, 1984.

Decided Sept. 14, 1984.

Frank J. Kelley, Atty. Gen., Robert N. Rosenberg, argued, Asst. Atty. Gen., Louis J. Caruso, Sol. Gen., Lansing, Mich., for appellant in No. 83–1427.

John A. Smietanka, U.S. Atty., Thomas J. Gezon, Asst. U.S. Atty., Grand Rapids, Mich., Thomas W. Crawley, Jaclyn C. Taner, argued, Office of the Gen. Counsel, Dept. of Health & Human Services, Washington, D.C., for appellee in No. 83–1427.

Robert N. Rosenberg, argued, Asst. Atty. Gen., Frank J. Kelley, Atty. Gen., Louis J. Caruso, Sol. Gen., Lansing, Mich., for appellant in No. 83–3421.

Margaret Heckler, Secretary, Office of the Secretary, U.S. Dept. of Health and Human Services, Jaclyn C. Taner, argued, Office of Gen. Counsel, Washington, D.C., for appellee in No. 83–3421.

Before EDWARDS and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This litigation involves an issue of federal participation in State payments to nursing homes for Medicaid services under Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* The Michigan Department of Social Services made payments to 22 nursing homes for long term care provided to individual patients during the period from October 1, 1978 through September 30, 1979. The State filed claim for approximately $5.5 million in federal financial participation. The Health Care Financing Administration of the Department of Health and Human Services disallowed the entire claim of the State. The Grant Appeals Board of the Department of Health and Human Services reversed the disallowance in part and affirmed it to the extent of approximately $4.2 million.[1] This became the final decision of the Secretary.

The State of Michigan challenges the decision of the Grant Appeals Board in two separate actions, one in this Court and one in the district court. Because of uncertainty as to which court has jurisdiction to review directly the decision of the Board, the State filed a "protective" petition in this Court for review (Case No. 82–3421); and a complaint in the United States District Court for the Western District of Michigan. District Judge Benjamin F. Gibson rendered a published opinion holding that the disallowances of federal participation were in accord with applicable law and were not arbitrary, capricious, or an abuse of discretion. *State of Michigan, Department of Social Services v. Secretary of United States Department of Health and Human Services,* 563 F.Supp. 797 (W.D. Mich.1983). The State appealed. Case No. 83–1427 involves the appeal from the decision of Judge Gibson.

The Secretary filed a motion to dismiss the petition for review in Case No. 82–3421.

This Court delayed consideration of the petition for direct review (82–3421) pending a decision by the district court. The two cases have been consolidated for purposes of briefing and oral argument. As noted, the Secretary's motion to dismiss the direct review petition, 82–3421, also is before us for consideration.

## I

■ First, we consider the question of whether this Court has jurisdiction to entertain the State's petition to review in No. 82–3421. Jurisdiction depends on whether this dispute is characterized as a "disallowance" under 42 U.S.C. § 1316(d), or a plan-conformity under 42 U.S.C. § 1316(a). If this is a disallowance proceeding, this Court has no jurisdiction to consider the case directly on a petition to review the decision of the Secretary.

The State of Michigan suggests that the issue before this Court is a plan-conformity question because it implicates an approved

---

1. The conclusion of the Board was as follows: For the reasons stated above, we reverse the disallowance in part and sustain it in part. We reverse the entire disallowance with respect to FFP in payments to Avonside, Clintonaire, Craig, and Oshtemo. We reverse the entire disallowance for Carmel Hall except for FFP in payments for services rendered between July 1 and July 27, 1978. We reverse the disallowance with respect to FFP in payments for services rendered by Sunnyview prior to January 1, 1979. We sustain the remainder of the disallowance.

State plan which required payments to continue during appeals of the non-renewal or termination of a provider agreement. Therefore, the State argues that this case does not involve a disallowance resulting from an audit, such as is contemplated under 42 U.S.C. § 1316(d). The Secretary characterizes this dispute as a disallowance and urges that this Court grant the motion to dismiss the petition for review.

The initial question is who determines whether a particular dispute is a disallowance under 42 U.S.C. § 1316(d) or a plan-conformity dispute under 42 U.S.C. § 1316(a).

In *State of Illinois Department of Public Aid v. Secretary of Health and Human Services*, 707 F.2d 273 (7th Cir.1983) the Seventh Circuit held that the Secretary's own characterization of whether the Medicaid determinations are of plan nonconformity or disallowances is the dividing line between the respective jurisdictions of courts of appeals and district courts. The Seventh Circuit wrote:

> We conclude that district courts have jurisdiction to review disallowances. This conclusion reduces the pressure for an expansive interpretation of section 1316(a)(3) and brings to center stage the practical consideration that jurisdictional lines should be clearly marked. A litigant ought to know whether he belongs in the district court or the court of appeals.
>
> . . . .
>
> So we want a clean line; and the cleanest is between determinations that the Secretary himself (or at this writing, herself) denotes as determinations of plan nonconformity (or, what is the same thing for purposes of section 1316(a)(3), shut-offs of funds for noncompliance) and determinations that he denotes as disallowances.

707 F.2d at pp. 278–9.

The Ninth Circuit has adopted the same test. *Oregon Dept. of Human Services v. Dept. of Health and Human Services*, 727 F.2d 1411 (9th Cir.1983).

This Court also adopted this test, at least implicitly, in *Dept. of Public Health [State of Tennessee] v. Departmental Appeals Board*, 672 F.2d 916 (6th Cir.1981) (unpublished order accepting characterization by the Secretary that the attempted petition to review involved a disallowance proceeding). The unpublished order of this Court provided as follows:

> This matter is before the court for consideration of respondent's motion to dismiss petitioner's petition to review a final administrative decision of the Department of Health and Human Services to disallow a portion of state claims for federal financial participation under Title XIX of the Social Security Act, and petitioner's memorandum in opposition.
>
> The Secretary disallowed $34,731 for the period from January 1, 1978 through March 31, 1978 finding that petitioner failed to establish the required control over utilization of services for that quarter. See 42 U.S.C. § 1396b(g)(1). However, there was no finding of failure to comply with the state plan pursuant to 42 U.S.C. § 1396c.
>
> Since it appears that this reduction is a "disallowance," the State had the right to request reconsideration pursuant to 42 U.S.C. § 1316(d). However, there is no right to judicial review of the administrative reconsideration in this court and we are required to dismiss for lack of jurisdiction. *Medical Services Admin. v. United States*, 590 F.2d 135, 136 (5th Cir.1979).

*Compare: Georgia Department of Medical Assistance v. Department of Health and Human Services*, 708 F.2d 627 (11th Cir.1983); *Commonwealth of Massachusetts v. Departmental Grant Appeals Board*, 698 F.2d 22 (1st Cir.1983); and *State of New Jersey v. Department of Human Services*, 670 F.2d 1284 (3rd Cir. 1982).

In agreement with *Illinois v. Secretary, supra,* 707 F.2d 273 (7th Cir.1983), the motion of the Secretary to dismiss the State's petition to review in No. 82–3421 is granted

on the ground that this Court is without jurisdiction.

## II

We turn now to Case No. 83–1427—the appeal from the decision of the district court.

■ The first question is whether the district court had jurisdiction to review a disallowance determination. Some courts have declined to decide this issue directly. *Georgia Department of Medical Assistance, supra,* 708 F.2d 627; *Commonwealth of Massachusetts, supra,* 698 F.2d 22; *State of New Jersey, supra,* 670 F.2d at 1290, n. 11; *Medical Services Administration v. United States,* 590 F.2d 135 (5th Cir.1979). The Seventh Circuit in *State of Illinois Department of Public Aid, supra,* 707 F.2d 273, and the Ninth Circuit in *County of Alameda v. Weinberger,* 520 F.2d 344 (9th Cir.1975) have concluded that the district court has jurisdiction to review disallowance claims. *See also Oregon Department of Human Resources v. Dept. of Health & Human Services,* 727 F.2d 1411, 1414 (9th Cir.1983) (following the *County of Alameda* decision of that Circuit). Likewise, we conclude the district court had jurisdiction over the action filed in the present case. Therefore, case No. 83–1427 is properly before this Court on appeal.

For a recitation of pertinent facts and an analysis of the issues, reference is made to the comprehensive opinion of District Judge Gibson, published in 563 F.Supp. 797.

The standard of review under the Administrative Procedure Act is whether the decision of the Grant Appeals Board of the Department of Health and Human Services was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A); *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410–413, 91 S.Ct. 814, 820–822, 28 L.Ed.2d 136 (1971).

■ With respect to the Medicaid program, the Supreme Court, speaking through Mr. Justice Powell in *Schweiker v. Gray Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981) stated:

The Medicaid program, established in 1965 as Title XIX of the Social Security Act (Act), 79 Stat. 343, as amended, 42 U.S.C. § 1396 *et seq.* (1976 ed. and Supp. III), "provid[es] federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." *Harris v. McRae,* 448 U.S. 297, 301 [100 S.Ct. 2671, 2680, 65 L.Ed.2d 784] (1980). Each participating State develops a plan containing "reasonable standards ... for determining eligibility for and the extent of medical assistance." 42 U.S.C. § 1396a(a)(17).

.     .     .     .     .

The Social Security Act is among the most intricate ever drafted by Congress. Its Byzantine construction, as Judge Friendly has observed, makes the Act "almost unintelligible to the uninitiated." *Friedman v. Berger,* 547 F.2d 724, 727, n. 7 (CA2 1976), cert. denied, 430 U.S. 984 [97 S.Ct. 1681, 52 L.Ed.2d 378] (1977). Perhaps appreciating the complexity of what it had wrought, Congress conferred on the Secretary exceptionally broad authority to prescribe standards for applying certain sections of the Act. *Batterton v. Francis,* 432 U.S. 416, 425 [97 S.Ct. 2399, 2405, 53 L.Ed.2d 448] (1977). 453 U.S. at 36, 43, 101 S.Ct. at 2636, 2640.

The regulations of the Department of Health and Human Services provide that, as a condition for federal participation, facilities must be surveyed periodically and a determination made that they meet applicable requirements. The regulations require surveys at least every 12 months.

The State of Michigan first received notice of the disallowances in April 1979 for the fall quarter of 1978 and the first quarter of 1979. The State informed the affected nursing homes that their providers would be terminated July 15, 1979. The nursing homes promptly brought suit in a State court and obtained an injunction requiring continuation of provider payments

pending disposition of the appeal of their decertification.

On April 30, 1980 the Health Care Financing Administration issued a formal notice of disallowance. The Department's Grant Appeals Board was presented with essentially the same arguments presented to this Court and the district court. As stated above, the Board upheld $4.2 million of the $5.5 million disallowed.

Program Regulation Guide 11 (PRG–11) is the principal regulation at issue in this case. It provides that federal financial participation may not be claimed for payments made by a state to a facility where the provider agreement has expired or otherwise has been terminated. This regulation provides, further, however, that if State law provides for the continued validity of the provider agreement pending appeal, or if the position of the facility is upheld on appeal and State law provides for retroactive reinstatement of the agreement, the agreement would not be considered terminated during the appeal period for purposes of federal financial participation for payments to the facility. In 1973, PRG–11 was interpreted as authorizing continued federal financial participation "if state law or judicial action requires that a provider agreement remain in force during the course of an appeal." *See Michigan Dept. of Social Service, supra,* 563 F.Supp. 797, 799 n. 2 (W.D.Mich.1983). It is not disputed that Michigan law required continued payments to decertified facilities.

The Department Grant Appeals Board, however, found that the regulation could not be interpreted to mean *indefinite* continuation pending appeal, but rather only for a period of 12 months, the maximum length of time any facility is certified for in any event under the regulations.

As heretofore stated, the Health Care Financing Administration disallowed the entire State claim of $5.5 million. The Board affirmed the disallowances to the extent of $4.2 million, but allowed federal financial participation with respect to nursing homes whose appeals had been pending for twelve months or less.

The State vigorously attacks the Board's construction of PRG–11, condemning it as "retroactive."

The State makes the following arguments for reversal:

(1) That the "retroactive" adjustment to federal Medicaid funding policy by the Grant Appeals Board was made in a manner violative of Title XIX of the Social Security Act and the regulations implementing this statute;

(2) That the Department of Health and Human Services acted contrary to the State's plan for Medicaid assistance and thus breached its contractual obligation to the State;

(3) That the Department of Health and Human Services is estopped from making this "retroactive" adjustment to federal participation in Medicaid because of the facts of this case; and

(4) That it would have been necessary for the Department to have promulgated a clear and specific regulation before it could adopt the policy relied upon to support the Board's "retroactive" decision denying federal financial participation in the present case.

The district court held the Board's interpretation of PRG–11 to be a reasoned decision "based upon the relevant factors". We agree with the decision of the district court with respect to PRG–11 for the reasons set forth in the district court's opinion at 563 F.Supp. 798–799. We hold further that the four arguments of the State enumerated above are without merit for the reasons stated by the district court.

Title XIX of the Social Security Act and implementing regulations authorize federal participation in payments to facilities only if the facilities are duly certified. The record shows that for the period of the disallowances in the present case, none of the facilities in question was certified by the State as meeting federal health and safety standards required for Medicaid participation. Appeals by nursing homes challenging decertification either had been de-

nied or had been pending for twelve months or more. The Board granted federal participation in those situations where appeals had been pending for less than twelve months.

The decision of the district court is affirmed. No costs are taxed. The parties will bear their own costs in this Court.