765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OHIO DEPT. OF PUBLIC WELFARE AND PUBLIC DEFENDER, PETITIONERS,
v.
UNITED STATES DEPT. OF HEALTH AND HUMAN SERVICES, OFFICE OF
CHILD SUPPORT ENFORCEMENT, RESPONDENT.
 NO. 84-3838
 United States Court of Appeals, Sixth Circuit.
 5/3/85
 
 ORDER
 BEFORE: ENGEL, KEITH, and KRUPANSKY, Circuit Judges.
 
 
 1
 This matter is before the Court upon respondent's motion to dismiss and petitioners' response in opposition thereto.
 
 
 2
 Petitioners are the Ohio agency responsible for administering Ohio's IV-D plan and the Ohio Public Defender. Respondent, Office of Child Support Enforcement (OCSE) is the unit within the Department of Health and Human Services (HHS) which administers the Child Support Enforcement Act of 1975, 42 U.S.C. Secs. 651-62. In April 1983 Ohio submitted to OCSE a proposed amendment to its IV-D plan pursuant to 45 C.F.R. Sec. 301.13(f). It specifically requested that the proposal be considered as an amendment only, not as a submission of a new overall State Plan. The Amendment provided for a cooperative agreement with the Office of the Public Defender for purposes of securing federal reimbursement for the costs of attorneys appointed to represent indigent payers of child support in contempt of court proceedings brought by local IV-D agencies. The Director of OCSE disapproved the proposed amendment on the basis that: 1) it contravened the purpose of the IV-D program; (2) the costs of attorneys to represent indigent obligors was not a reasonable or necessary expense under 45 C.F.R. Sec. 304.20-.24; 3) it would be a conflict of interest for both prosecutors and defense counsel to be funded through the same mechanism; and 4) the burden of paying for attorneys for indigent defendants is the responsibility of state and local governments. Ohio's petition for reconsideration was granted. Following a hearing, the hearing officer on April 6, 1984 transmitted his recommended findings and proposed decision to the acting director of the OCSE. Ohio submitted exceptions. On August 10, 1984 the acting director accepted the hearing officer's findings and decision as her own. This became the final decision of the Secretary.
 
 
 3
 On October 9, 1984 petitioners filed an application for review of OCSE's decision in this Court. Whether this Court has jurisdiction to entertain this appeal depends on whether OCSE's decision was a disallowance determination under 42 U.S.C. Sec. 1316(d) or a plan conformity determination under 42 U.S.C. Sec. 1316(a). Pursuant to § atute, the Court of Appeals has jurisdiction to review a plan-conformity determination, but it does not have jurisdiction to entertain a direct appeal from a disallowance determination. State Dept. of Human Serv. v. Sec. of Health & Human Serv., 744 F.2d 32, 33 (6th Cir. 1984). OCSE urges the dismissal of the petition for review on the grounds that: 1) its decision was a disallowance determination, which this Court lacks jurisdiction to review; and 2) the Ohio Public Defender is not a proper party to this action, since it is not a state agency administering a IV-D plan and was not a formal participant in the hearing below.
 
 
 4
 Upon consideration of the motion to dismiss and the response thereto, we conclude that this Court lacks jurisdiction to review this matter. In State Dept. of Human Serv. v. Secretary of Health & Human Serv., supra, 744 F.2d at 34-35, this Court held that the Secretary's classification of a matter is entitled to deference. Here OCSE has characterized its decision as a disallowance determination. Therefore, this Court lacks jurisdiction to review the decision.
 
 
 5
 Accordingly, it is ORDERED that the motion to dismiss is granted.